IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, # R-16056, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1247-JPG |
| | ) |
| DR. ALFONSO DAVID, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On December 2, 2013, following the Memorandum and Order entered in *Lamon v. Schuler*, Case No. 13-cv-1129-JPG-PMF (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff was directed to notify the Court by January 6, 2014, if he did not wish to proceed with this severed claim (designated as Count 2 in the above threshold order) against Defendant David, the physician at Shawnee Correctional Center ("Shawnee") for deliberate indifference to his medical need for a soy-free diet.[1]

On December 11, 2013, Plaintiff submitted a Trust Fund Statement (Doc. 6), and included with it a letter confirming that he wishes to proceed with this severed case and will be responsible for the filing fee (Doc. 6, p. 4). Accordingly, service shall be ordered below on Defendant David.

---

[1] As noted in this Court's merits review order (Doc. 1), Plaintiff has another pending lawsuit over his need for a soy-free diet, in the Central District of Illinois: *Lamon v. Pierce*, Case No. 12-cv-1267-JES-JAG (filed Aug. 31, 2012). That case was stayed on March 4, 2013, pending the outcome of another soy-diet lawsuit, *Harris v. Brown*, Case No. 07-cv-3225 (C. D. Ill.), because "The outcome in *Harris* may moot or modify the plaintiff's claim in this case and may enable the Court to make a more informed decision." (d/e of March 4, 2013, Case No. 12-cv-1267).

Notably, Plaintiff was recently transferred away from Shawnee, where his claim against Defendant David arose, to Western Illinois Correctional Center (Doc. 5).  Among Plaintiff's requests for relief in this action is a prayer for an order to require "Defendants to provide him with a soy-free medical diet for the duration of his prison term" (Doc. 2, p. 50).  Presumably, Plaintiff is not currently under the care of Defendant David now that he has been transferred.  Because Plaintiff is no longer an inmate at Shawnee, his prayer for injunctive relief against the sole Defendant in this action (Defendant David) would be moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here."  *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be addressed in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **DAVID** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, the Order at Doc. 1, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to the United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full

amount of the costs, notwithstanding any grant of an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

      Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: January 13, 2014**

                                                  *s/ J. Phil Gilbert*
                                                  **U.S. District Judge**