IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  3:13 CV 1247 JPG/RJD |
| ) | |
| DR. ALFONSO DAVID, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Compel.  (Docs. 37, 38.) Plaintiff is an inmate of the Illinois Department of Corrections and is currently incarcerated at Pontiac Correctional Center.  On October 31, 2013, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, and the Court severed his complaint regarding his claims against Defendant David into a separate action.  (Docs. 1, 2.)  In this action, Plaintiff alleges that Defendant David acted with deliberate indifference to his medical needs during his time at Shawnee Correctional Center.  (Doc. 1.)

Defendant moves to compel, arguing that Plaintiff baselessly objected and failed to respond to a significant number of interrogatories.  Plaintiff has not submitted a response.  Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as

one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Defendant's interrogatories seek information regarding Plaintiff's grievances related to this case and information regarding Plaintiff's personal injury lawsuits. Notwithstanding Defendant's waiver of the affirmative defense of failure to exhaust administrative remedies, Plaintiff's grievances may be probative of knowledge and credibility, and prisoner grievances frequently include details regarding the subject matter of subsequent litigation. Defendant further indicates that that information regarding personal injury lawsuits is sought for the purpose of ascertaining whether Plaintiff has raised other similar medical claims. The Court agrees that similar lawsuits are relevant for purposes of discovery as they may contain additional information regarding the medical condition at issue in this action. Plaintiff's objections based on relevance are overruled.

Plaintiff objects to several interrogatories based on their form as compound questions. However, an objection based on form of an interrogatory as a compound question is not a proper objection to an interrogatory. *See Remy Inc. v. Tecnomatic, S.P.A.*, 2013 WL 1183334, at *1 (S.D. Ind. 2013). The Federal Rules of Civil Procedure contemplate that interrogatories may have subparts. Fed. R. Civ. P. 33(a)(1). Moreover, the risks associated with compound questions for testimony are not present for written interrogatories; the respondent has greater latitude to organize written answers to avoid misinterpretation and has the ability to refer to the question as often as necessary in addition to more time, which allows the respondent to ensure

that he or she has properly addressed each subpart of the interrogatory. Plaintiff's objections based on compound form are overruled.

Defendant also takes issue with Plaintiff responding to interrogatories solely with a reference to the complaint. Although the Court disagrees with Defendant's suggestion that references to the complaint are per se inappropriate responses to interrogatories, the Court agrees that Plaintiff's responses are inappropriate here. Plaintiff's complaint consists of 51 pages, is more than three years old, and contains substantial amount of information irrelevant to this action, considering the severance and dismissal of various claims. (Doc. 2.) Plaintiff shall answer Interrogatories Nos. 2, 3, 4, 8, 9, and 10 without reference to his complaint.

As a final matter, Plaintiff's response to an interrogatory about his criminal history indicates that he cannot recall, provides no substantive information, and does not indicate that Plaintiff made any effort to investigate. "A party has a duty to reasonably investigate whether responses to an opposing party's discovery requests are complete." *Malibu Media, LLC v. Tashiro*, 2015 WL 2371597, at *22 (S.D. Ind. 2015); *see also Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145 (N.D. Ill. 1982); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). Plaintiff shall reasonably investigate his criminal history and respond to Interrogatory No. 12.

## CONCLUSION

It is hereby ORDERED that Defendant's Motion to Compel (Doc. 37, 38) is GRANTED. Plaintiff shall serve his answers to Defendant's interrogatories to Defendant in a manner consistent with this Order by March 10, 2017.

**SO ORDERED.**

**DATED: February 17, 2017**             *s/        Reona J. Daly*
                                          **UNITED STATES MAGISTRATE JUDGE**